UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK BORDERUD,
    *Plaintiff*,

v.

RIVERSIDE MOTORCARS, LLC, JOSEPH
SALINARDI, & CHRISTIAN SALINARDI,
    *Defendants.*

No. 3:18-cv-1291 (VAB)

**RULING ON MOTION TO DISMISS**

This case concerns commissions and expenses allegedly owed to car salesman Mark Borderud ("Plaintiff" or "Mr. Borderud") by his former employer Riverside Motorcars, LLC, ("Riverside"), Christian Salinardi ("Mr. Salinardi"), the alleged owner of Riverside, and Joseph Salinardi, the alleged General Manager of Riverside. Compl., ECF No. 1, ¶¶ 3–7, 11–15. Mr. Borderud has sued under the Connecticut Wage Act, CONN. GEN STAT. 31-68, *et seq*. Compl. ¶ 1.

Mr. Salinardi has moved to dismiss Mr. Borderud's claim for lack of subject matter jurisdiction. Rule 12(b)(1) Mot. to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 11.

For the reasons discussed below, the Court **DENIES** Mr. Salinardi's motion to dismiss, ECF No. 11.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    **A. Factual Allegations**

Mark Borderud sold cars for Riverside in Naugatuck, Connecticut. Compl. ¶¶ 3, 11; Rule 12(b)(1) Mot. to Dismiss for Lack of Subject Matter Jurisdiction at 2. His employment contract with Defendants allegedly stipulated "a certain amount of commission on each vehicle sold" as

1

well as reimbursement for "certain expenses." Compl. ¶ 11. Mr. Borderud alleges that "Defendants failed and neglected to pay [him] all commissions that were due for his sales." *Id.* ¶ 13. Mr. Borderud claims that Defendants owe him $47,750 in unpaid commissions, $426 in unpaid expense reimbursements, and statutory damages totaling "twice the full amount of such wages, along with costs and reasonable attorneys' fees." *Id.* ¶¶ 14–15, 20.

B. **Procedural Background**

On August 6, 2018, Plaintiff filed the present Complaint. Compl., ECF No. 1.

On August 29, 2018, Mr. Salinardi filed his *pro se* motion to dismiss. Rule 12(b)(1) Mot. to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 11.

On September 5, 2018, Plaintiff opposed the motion to dismiss. Opp. to Def. Christian Salinardi's 12(b)(1) Mot. to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 12.

On January 11, 2019, Defendants filed their combined Answer and affirmative defenses. Def. Joseph Salinardi, Christian Salinardi and Riverside Motorcars Answer and Affirmative Defenses, ECF No. 28.[1]

II. **STANDARD OF REVIEW**

In actions between and among the citizens of different states, "[t]he district courts shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

---

[1] In their Answer, Defendants collectively allege that the "amount in controversy does not exceed $75,000.00." Def. Joseph Salinardi, Christian Salinardi and Riverside Motorcars Answer and Affirmative Defenses ¶ 9. Accordingly, and because "[i]t is the obligation of the trial court to notice, on its own, want of subject matter jurisdiction," *Canadian St. Regis Band of Mohawk Indians v. State of N.Y.*, 573 F. Supp. 1530, 1538 (N.D.N.Y. 1983), *citing Arnold v. Troccoli*, 344 F.2d 842, 844 (2d Cir.1965), the Court now addresses the amount in controversy issue.

2

*United States*, 201 F.3d 110, 113 (2d Cir. 2000); FED. R. CIV. P. 12(b)(1). The plaintiff bears the burden of establishing subject matter jurisdiction over the claims by a preponderance of the evidence. *Id.*

Under Federal Rule of Civil Procedure 12(b)(1), the facts alleged in the Complaint are viewed in the light most favorable to the plaintiff and all reasonable inferences must be drawn in the plaintiff's favor. *Natural Resources Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) ("When reviewing a district court's Rule 12(b)(1) determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo . . . . Moreover the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." (internal quotations and citations omitted)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009).

In a diversity suit, "[the] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount . . . . [T]he party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

### III.    DISCUSSION

Mr. Salinardi's sole argument for dismissal is that Mr. Borderud is owed, at most, no more than $16,800 plus statutory damages, costs, and fees. Rule 12(b)(1) Mot. to Dismiss for Lack of Subject Matter Jurisdiction at 2. To substantiate his claim, Mr. Salinardi submits a

Connecticut Department of Labor settlement letter stating that "the full calculated amount due [to Mr. Borderud from Christian Salinardi is] $16,800.00." Letter from Dora Senkow [Field Supervisor for the Wage and Workplace Standards Division of the Connecticut Department of Labor] to Christian Salinardi (May 21, 2018), ECF No. 11. Mr. Salinardi claims that "[e]ven allowing for statutory penalties and attorney's fees claimed under Conn. Gen. Stat. § 31-72 as well as costs and interests, Borderud's claim cannot reach the $75,000 threshold necessary to support this court's diversity jurisdiction."

The Court disagrees.

While further evidence may substantiate Mr. Salinardi's argument, he has not shown "to a legal certainty", *Scherer*, 347 F.3d at 397, that Mr. Borderud's claim will not exceed $75,000.00. *Id*. Indeed, the Complaint alleges being owed a sum of $47,750 in unpaid commissions and an entitlement to "twice the full amount of such wages, along with costs and reasonable attorneys' fees," Compl. ¶ 20, an amount in excess of $75,000.

Because the Court must view "the facts alleged in the Complaint in the light most favorable to the plaintiff," *Natural Resources Defense Council*, 461 F.3d at 171, these factual allegations are sufficient for this Court to have subject matter jurisdiction over this lawsuit and to deny Mr. Salinardi's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

## IV. CONCLUSION

For the reasons discussed above, Mr. Salinardi's motion to dismiss, ECF No. 11, is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 25th day of January, 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE