```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

------------------------------x
                              :
MARK BORDERUD                 :    Civ. No. 3:18CV01291(SALM)
                              :
v.                            :
                              :
RIVERSIDE MOTORCARS, LLC,     :
JOSEPH SALINARDI, and         :
CHRISTIAN SALINARDI           :    March 23, 2022
                              :
------------------------------x
```

**RULING ON DEFENDANTS' MOTIONS IN LIMINE**

Defendants Riverside Motorcars, LLC, Joseph Salinardi, and Christian Salinardi ("defendants") have filed three motions in limine requesting that the Court preclude Plaintiff Mark Borderud ("plaintiff" or "Mr. Borderud") from introducing three exhibits because they contain impermissible hearsay and are not relevant. [Docs. #125, #126, #127]. Plaintiff has filed an opposition to each motion. [Docs. #130, #131, #132]. For the reasons stated below, defendants' Motions in Limine [**Docs. #125, #126, #127**] are **DENIED as premature, and without prejudice to renewal at trial.**

**I.   BACKGROUND**

Plaintiff, a former employee of Riverside Motorcars, LLC, brings this action alleging that defendants owe him $47,750 in unpaid vehicle sales commissions, and $426 in expense reimbursements. See generally Doc. #1 at 2-3. Plaintiff asserts

claims for breach of contract and violation of the Connecticut Wage Act. See Doc. #1 at 3.

A bench trial is scheduled in this matter for May 3, 2022, through May 5, 2022. See Doc. #135. In anticipation of trial, defendants have filed three motions in limine, which request the Court to preclude three of plaintiff's exhibits from evidence at trial as irrelevant and/or inadmissible hearsay. See Docs. #125, #126, #127. Plaintiff opposes these motions, asserting that each exhibit is relevant and, admissible as a business record pursuant to Federal Rule of Evidence 803(6). See generally Docs. #130, #131, #132. In support of that assertion, plaintiff relies on the declaration of Mr. Borderud, which purports to establish the necessary foundation under Rule 803(6). See Docs. #130-1, #131-1, #132-1. Defendants have not filed a reply.[1]

## II. LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or

---

[1] At this stage, the Court assumes, without deciding, that the exhibits are relevant based on plaintiff's proffer. See Doc #130 at 1; Doc #131 at 1; Doc. #132 at 1. The Court reserves ruling on the ultimate issue of admissibility at trial, when "the motion is placed in the appropriate factual context." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011).

interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (citation and quotation marks omitted).

> Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. Indeed, courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context. Further, the court's ruling regarding a motion in limine is subject to change when the case unfolds, particularly if the actual testimony differs from what was expected.

Jean-Laurent, 840 F. Supp. 2d at 536 (citations and quotation marks omitted).

### III. DISCUSSION

The Federal Rules of Evidence define "Hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). "Hearsay is not admissible unless" a Federal Rule of Evidence, a federal statute, or a rule prescribed by the Supreme Court "provides otherwise[.]" Fed. R. Evid. 802; see also United States v. Carneglia, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) ("Any statement that is made by a declarant not testifying at trial, offered in evidence to prove the truth of the matter asserted, is excluded as hearsay absent applicability of one of the hearsay exceptions provided in the Federal Rules of Evidence or a relevant statute.").

Rule 803(6) of the Federal Rules of Evidence, also known as the business records exception, permits the admission of:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). "The primary purpose of these requirements is to ensure that the creator of the document had 'no motive to falsify' it." JPMorgan Chase Bank, N.A. v. Yuen, No. 11CV09192(NRB), 2013 WL 2473013, at *6 (S.D.N.Y. June 3, 2013) (quoting United States v. Kaiser, 609 F.3d 556, 574 (2d Cir. 2010)).

"[A]s a general matter, Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all[.]" Anderson v. Metro-N. Commuter R.R. Co., No. 3:14CV00452(JBA), 2016 WL 2755910, at *5 (D. Conn. May 11, 2016)

(citation and quotation marks omitted); see also Yuen, 2013 WL 2473013, at *6 ("The Court of Appeals has adopted a generous view of Rule 803(6), construing it to favor the admission of evidence if it has any probative value at all." (citation and quotation marks omitted)). Nevertheless, "the principal precondition to admission of documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable. The determination is left to the sound discretion of the trial court." Elsevier B.V. v. UnitedHealth Grp., Inc., 784 F. Supp. 2d 286, 292 (S.D.N.Y. 2011) (citation and quotation marks omitted); see also Kokoska v. City of Hartford, No. 3:12CV01111(WIG), 2014 WL 4724875, at *3 (D. Conn. Sept. 23, 2014). ("The Second Circuit has held that the business record exception rests upon the trustworthiness and reliability of such records." (quoting Kaiser, 609 F.3d at 574)).

Each of the three exhibits at issue was created and maintained by Mr. Borderud. Two of these exhibits are excel spreadsheets, and the third, although also an excel spreadsheet, reflects images of Mr. Borderud's handwritten notes, which plaintiff describes as his "Commission Book." Doc. #131 at 1. A decision as to whether these exhibits are admissible, at this stage, is premature.

First, Mr. Borderud's declaration "deserves an oral voir dire before it can be said to suffice for the purpose of establishing a foundation for the business record's exception." Sleepy's, LLC v. Select Comfort Wholesale Corp., No. 07CV04018(TCP)(ARL), 2012 WL 13106063, at *1 (E.D.N.Y. Feb. 9, 2012) (sic). Indeed, given that Mr. Borderud created the exhibits at issue, whether or not these records have sufficient indicia of trustworthiness for admission under the business records exception is "not susceptible of determination as a matter of law in the absence of live witnesses whose credibility can be tested." Id.[2]

Second, it is unclear what purposes these exhibits will serve at trial given that the declarant, Mr. Borderud, will be present at trial to testify. In that regard, "the degree of reliability necessary for admission is greatly reduced where, as here, the declarant is testifying and is available for cross-examination, thereby satisfying the central concern of the hearsay rule." Kaiser, 609 F.3d at 576 (citation and quotation marks omitted). Additionally, even if plaintiff is unable to lay the proper foundation for the business records exception, there

---

[2] Nevertheless, the Court notes that on the current record Exhibit 2 appears to contain the "types of miscellaneous jottings that courts have found inadmissible under this exception[.]" Kaiser, 609 F.3d at 575.

may be other non-hearsay purposes for which these exhibits may be admitted.

Finally, this matter is proceeding as a bench trial, which greatly reduces the risk of prejudice from the potential admission of the exhibits. Because "Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all," Anderson, 2016 WL 2755910, at *5, any "[r]esidual doubts on the question of trustworthiness would go to the weight of the evidence, not its admissibility." Kaiser, 609 F.3d at 576 (citation and quotation marks omitted).

## IV. CONCLUSION

Thus, for the reasons stated above, defendants' Motions in Limine [**Docs. #125, #126, #127**] are **DENIED as premature, and without prejudice to renewal at trial.**

SO ORDERED at New Haven, Connecticut, this 23rd day of March, 2022.

                                     /s/
                                     HON. SARAH A. L. MERRIAM
                                     UNITED STATES DISTRICT JUDGE