**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
MARK BORDERUD                 :    Civ. No. 3:18CV01291(SALM)
                              :
v.                            :
                              :
RIVERSIDE MOTORCARS, LLC,     :
JOSEPH SALINARDI, and         :
CHRISTIAN SALINARDI           :    March 23, 2022
                              :
------------------------------x
```

**<u>RULING ON PLAINTIFF'S MOTION IN LIMINE</u>**

Plaintiff Mark Borderud ("plaintiff") has filed a motion <u>in</u> <u>limine</u> seeking an order precluding certain evidence from being presented at trial. <u>See</u> Doc. #129 at 1. Defendants Riverside Motorcars, LLC, Joseph Salinardi, and Christian Salinardi ("defendants") have filed an objection to plaintiff's motion [Doc. #137], to which plaintiff has filed a reply [Doc. #138]. For the reasons stated below, plaintiff's Motion <u>in</u> <u>Limine</u> [**Doc. #129**] is **DENIED**, as to plaintiff's request to preclude evidence of a good faith defense, and **DENIED, without prejudice to renewal at trial**, as to plaintiff's request to preclude Exhibit 504 and/or other evidence of cars sold that was not produced during discovery. To the extent plaintiff deems necessary, the Court will permit plaintiff until **April 22, 2022,** to conduct discovery on the issue of defendants' good faith defense.

## I.    BACKGROUND

Plaintiff, a former employee of Riverside Motorcars, LLC,
brings this action alleging that defendants owe him $47,750 in
unpaid vehicle sales commissions, and $426 in expense
reimbursements. See generally Doc. #1 at 2-3. Plaintiff asserts
claims for breach of contract and violation of the Connecticut
Wage Act ("CWA").[1] See id. at 3.

A bench trial is scheduled in this matter for May 3, 2022,
through May 5, 2022. See Doc. #135. In anticipation of trial,
plaintiff has filed a motion in limine seeking: (1) an order
precluding defendants from offering evidence of a good faith
defense; and (2) an order precluding Exhibit 504 "or any
evidence of cars sold that was not produced during discovery."
Doc. #129 at 1. Defendants have filed an objection to
plaintiff's motion contending, in relevant part, that: (1)
"Plaintiff's assertion that good faith must be pled as an
affirmative defense is simply wrong[;]" and (2) "Defendants are
entitled to supplement their discovery responses pursuant to
Rule 26(f) upon discovery of relevant and admissible evidence up
to a reasonable time before trial." Doc. #137 at 1. In reply,
plaintiff asserts that defendants "erroneously argue that the

---

[1] The parties refer to the statutory provisions at issue as the
Connecticut Wage Act, or CWA. These same provisions, however,
are also widely referred to as the "Connecticut Minimum Wage
Act" or "CMWA."

good faith defense to double damages under the [CWA] need not be

asserted as an affirmative defense[,]" and "fail to address

their failure to produce documents during the discovery period,

which closed on August 30, 2019[.]" Doc. #138 at 1.

## II.  DISCUSSION

Plaintiff's motion in limine raises two distinct issues,

the first relating to the waiver of an affirmative defense, and

the second relating to the preclusion of evidence that was not

disclosed during discovery. See generally Doc. #129. The Court

addresses each issue in turn.

### A.    Waiver of Good Faith Defense

Plaintiff asserts that defendants have waived the defense

of good faith by failing to affirmatively plead it. See id. at

1-3. Plaintiff contends: "Defendants did not, at any time,

assert good faith as an affirmative defense, nor have Defendants

taken the position that they were acting in good faith when they

failed to pay Plaintiff the commissions at issue in this suit."

Id. at 2. Defendants assert that "the relevant case law and

Federal Rules actually hold that 'good faith' is not a defense

which requires affirmative pleading." Doc. #137 at 2. Defendants

further assert that they "have sufficiently complied with Rule 8

and put Plaintiff on notice of their good faith defense[,]" id.

at 3, by denying paragraph 20 of the Complaint, which alleges

plaintiff is entitled "'to twice the full amount of such wages,

along with costs and reasonable attorneys' fees.'" Id. at 2

(quoting Doc. #1 at ¶20). In reply, plaintiff contends that

defendants have misread the Federal Rules of Civil Procedure and

have not adequately placed plaintiff on notice of this defense.

See generally Doc. #138 at 1-3.

     *1.    Applicable Law*

"In responding to a pleading, a party must affirmatively

state any avoidance or affirmative defense, including[]" those

specifically listed in Rule 8 of the Federal Rules of Civil

Procedure. Fed. R. Civ. P. 8(c)(1).[2] "The purpose of requiring

affirmative defenses to be pleaded in the answer is to notify a

party of the existence of certain issues." Schwind v. EW &

Assocs., Inc., 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005)

(citation and quotation marks omitted). "[G]enerally, failure to

plead an affirmative defense in the answer results in the waiver

of that defense and its exclusion from the case." Sompo Japan

Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 176 (2d

Cir. 2014) (citation and quotation marks omitted).

---

[2] Defendants contend that plaintiff's position "is contrary to
Federal Procedure[]" because "'[g]ood faith' is not listed as an
affirmative defense." Doc. #137 at 3. Defendants, however, are
mistaken. "Rule 8(c) merely provides a non-exhaustive list of
affirmative defenses." Pinks v. M&T Bank Corp., No.
13CV01730(LAK)(RLE), 2016 WL 6996161, at *2 (S.D.N.Y. Nov. 29,
2016).

"Connecticut's wage and hour law, the Connecticut Minimum

Wage Act ('CMWA'), provides wage and overtime guarantees similar

to the FLSA[.]" Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 263

n.2 (D. Conn. 2002) (citing Conn. Gen. Stat. §§31-58, et seq.).

"An amendment, effective October 1, 2015, to Connecticut General

Statutes §31-72, shifted the burden of proving the

requisite good faith belief for the purposes of determining

whether the employer can avoid otherwise mandatory double

damages, from the plaintiff to the defendant." Morrison v. Ocean

State Jobbers, Inc., 180 F. Supp. 3d 190, 196 (D. Conn. 2016).

Section 31-72 now provides, in relevant part:

> When any employer fails to pay an employee wages in
> accordance with the provisions of sections 31-71a to 31-
> 71i, inclusive, or fails to compensate an employee in
> accordance with section 31-76k ... such employee ...
> shall recover, in a civil action, (1) twice the full
> amount of such wages, with costs and such reasonable
> attorney's fees as may be allowed by the court, or (2)
> if the employer establishes that the employer had a good
> faith belief that the underpayment of wages was in
> compliance with law, the full amount of such wages or
> compensation, with costs and such reasonable attorney's
> fees as may be allowed by the court.

Conn. Gen. Stat. §31-72. Accordingly, it is the employer's

burden to establish good faith to avoid the potential award of

double damages. See Lockhart v. NAI Elite, LLC, No. HHD-CV18-

6098616, 2020 WL 5261242, at *11 (Conn. Super. Ct. Aug. 5,

2020), aff'd, 267 A.3d 359 (Conn. App. 2021) ("From this

language, the court concludes that it becomes the defendants'

burden to prove the existence of a good faith belief. A plaintiff need not prove bad faith on the part of an employer for statutory double damages to apply, as was the case prior to 2015." (footnote omitted)).[3] As noted by plaintiff in his reply, these amendments were made, in part, to align Connecticut law with federal law, and in particular, the Fair Labor Standards Act ("FLSA"). See Doc. #138 at 2; see also Morales v. Gourmet Heaven, Inc., No. 3:14CV01333(VLB), 2016 WL 6996976, at *12 (D. Conn. Nov. 29, 2016) ("On October 1, 2015, the Connecticut General Assembly amended the CMWA damages provision to create, like the FLSA, a presumption of double damages and a burden on the employer to demonstrate a good faith belief that the underpayment of such wages was in compliance with the law." (citation and quotation marks omitted)); Velasquez v. U.S. 1 Farm Mkt., Inc., No. 3:13CV00634(GWC), 2016 WL 2588160, at *13 (D. Conn. May 3, 2016) ("[T]he amendments appear to render the previous distinctions between the FLSA and the CMWA largely illusory." (citation and quotation marks omitted)).

---

[3] The parties have not addressed whether the current version of section 31-72 applies to this case. Given that courts have routinely found the amended version of 31-72 to apply retroactively, the Court assumes, for purposes of this Ruling, that the amended version of 31-72 applies. See, e.g., Morrison, 180 F. Supp. 3d at 196-97.

> 2.    *Analysis*

Turning first to Connecticut law, it is unclear whether or not an employer is required to plead good faith as an affirmative defense to a CWA claim. For example, one Connecticut Superior Court case noted that the "question [of double damages] and shifting burden were not specifically framed in the pleadings, but" nevertheless decided to "glean from the record evidence ... whether the defendants' good faith was more or less likely than not." Lockhart, 2020 WL 5261242, at *11 (footnote omitted). In rejecting an employer's good faith defense, another Connecticut Superior Court noted, in part, that "defendants did not plead good faith as a special defense." Comm'r of Lab. v. Y Knot Enters., LLC, No. HHD-CV19-6105885-S, 2021 WL 2774714, at *6 (Conn. Super. Ct. June 8, 2021).

Defendants assert that Connecticut law is not applicable to the procedural question of whether good faith must be affirmatively plead as a defense. See Doc. #137 at 2-3. The Court disagrees. "An affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." United States v. Scully, 877 F.3d 464, 476 (2d Cir. 2017) (citations and quotation marks omitted); see also F.D.I.C. v. Haines, 3 F. Supp. 2d 155, 166 (D. Conn. 1997) ("Affirmative defenses, if accepted by the court, will defeat an

otherwise legitimate claim for relief." (citation and quotation marks omitted)). "An affirmative defense is different from a negating defense, which tends to disprove an element of the plaintiff's ... case." Bricklayers Ins. & Welfare Fund Bricklayers Pension Fund v. P.P.L. Constr. Servs. Corp., No. 12CV3940(DLI)(RML), 2015 WL 1443038, at *5 (E.D.N.Y. Mar. 27, 2015). Here, it appears that in the context of section 31-72, the defense of "good faith" would be an affirmative defense, because if successful, it would entirely defeat plaintiff's claim for double damages. This is particularly true where, as here, plaintiff does not have the burden of establishing the employer's bad faith. Compare F.T.C. v. AMG Servs., Inc., No. 2:12CV00536(GMN)(VCF), 2014 WL 5454170, at *5 (D. Nev. Oct. 27, 2014) ("A negating defense, in contrast to an affirmative defense, tends to negate the existence of the elements that the plaintiff must prove at trial." (citation and quotation marks omitted)), with Haines, 3 F. Supp. 2d at 166 (An affirmative defense exists where a "defendant either expressly or impliedly treats the factual allegations in a complaint as true, but then goes on to assert a new matter that eliminates or limits the defendant's ordinary liability stemming from those allegations." (citation and quotation marks omitted)). Regardless, because the Court's review of the applicable Connecticut law has not

revealed any authority directly on point, the Court next considers whether relevant federal law provides any guidance.

Because of the parallels between the CWA and the FLSA, plaintiff asserts that it is "appropriate to look to cases interpreting the FLSA's good faith defense when interpreting the corresponding defense under the CWA." Doc. #138 at 2. In FLSA actions, courts in this Circuit have generally discussed good faith in the context of an affirmative defense. See, e.g., Howard v. Port Auth. of N.Y., N.J., 684 F. Supp. 2d 409, 416 (S.D.N.Y. 2010) ("The FLSA provides employers with an affirmative defense to liquidated damages if they can show they acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violate the Act." (citation and quotation marks omitted)); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08CV03725(DC), 2010 WL 4159391, at *6 (S.D.N.Y. Sept. 30, 2010) (finding violations of the FLSA willful where, inter alia, "defendants failed to plead good faith as an affirmative defense in their answer and admitted during discovery that they never attempted to even learn about the requirements of the FLSA until shortly before this action was filed[]"); Zhao v. Ke Zhang Inc., No. 18CV06452(EK)(VMS), 2021 WL 1210369, at *7 (E.D.N.Y. Mar. 31, 2021) ("A defendant need not pay liquidated damages, however, if it demonstrates the

affirmative defense of good faith. The burden is on the defendant to establish that the affirmative defense applies." (citations and quotation marks omitted)). Nevertheless, the Second Circuit has held that a defendant may assert an affirmative defense to an FLSA claim "for the first time at summary judgment, so long as there was no showing of prejudice or bad faith." Domenech v. Parts Auth., Inc., 653 F. App'x 26, 27 (2d Cir. 2016).

However, assuming, without deciding, that defendants should have affirmatively pled "good faith" as a defense, the Court would nevertheless permit defendants to amend their Answer to plead good faith as an affirmative defense. Rule 15(a)(2) permits a party to "amend its pleadings ... with ... the Court's leave." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962); accord Loc. 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

> In determining what constitutes prejudice, we generally consider whether the assertion of the new ... defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citation and quotation marks omitted).

The record before the Court does not reflect that defendants had any bad faith or dilatory motive in failing to raise good faith expressly as an Affirmative Defense. Rather, given the current unsettled state of the law, defendants take the reasonable position that good faith is not an affirmative defense to a claim brought pursuant to the CWA. See generally Doc. #137 at 1-5. Accordingly, the Court next considers whether plaintiff would be unduly prejudiced if the Court permitted defendants to present a good faith defense.

Plaintiff asserts that he was not placed on notice of the good faith defense by way of defendants' denials. See Doc. #138 at 3. Plaintiff further contends that "at no time did Defendants ever raise the issue of good faith." Id. at 4. Defendants contend "that they have maintained such a defense during the course of the action which thereby put Plaintiff on notice of the defense." Doc. #137 at 5.

Plaintiff does not specifically allege any prejudice that he has suffered as a result of defendants' failure to

affirmatively plead this defense. "However, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Block, 988 F.2d at 350 (citation and quotation marks omitted). Here, defendants filed their Answer over three years ago. See Doc. #28. It is unclear what, if any, discovery has been conducted on the issue of good faith. Although the delay here is significant, any prejudice to plaintiff may be mitigated by a reopening of fact discovery on the limited issue of defendants' good faith defense.[4] Indeed, "[m]ere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block, 988 F.2d at 350 (citation and quotation marks omitted)). Additionally, because trial in this matter is nearly six weeks away, there is sufficient time for expedited discovery on this issue, such that a delay of trial in this matter (if any) will not be significant.[5]

---

[4] Although plaintiff may have to expend additional resources to conduct discovery as to defendant's bad faith, there is nothing before the Court to suggest that such resources would be "significant[.]" Monahan, 214 F.3d at 284.

[5] Plaintiff asserts that he should not have to delay "a case that has been pending for over four years." Doc. #138 at 5. Although this is a valid concern, the Court notes that the "delay" in this case largely results from the issues related to the settlement that had been reached, but not fully consummated. See Docs. ##52-112 (docket entries dating from June 15, 2020, through August 8, 2021).

Accordingly, plaintiff's request that the Court preclude defendants from offering evidence of good faith is **DENIED.** However, the Court will permit plaintiff until **April 22, 2022,** to conduct oral and written fact discovery on this issue. On or before **March 30, 2022,** plaintiff shall file a Notice on the docket indicating whether he intends to pursue such discovery, and if so, whether he anticipates moving forward with the trial as scheduled or seeks a continuance.

B.    Evidence not Disclosed During Discovery

Plaintiff seeks to preclude from trial defendants' Exhibit 504 because it was not produced during discovery. See Doc. #129 at 3-6. Plaintiff also seeks to preclude from trial any other "evidence of cars sold that was not produced during discovery." Id. at 1. Defendants assert that they have merely complied with the continued disclosure requirements of Rule 26, and that preclusion is not warranted. See Doc. #137 at 5-6. Plaintiff asserts that defendants have failed to provide an adequate explanation for the late disclosure, and are "delaying a case that has been pending for over four years." Doc. #138 at 5.

1.    Applicable Law

Rule 37(c)(1) describes the available remedies when a party fails to provide information pursuant to Rule 26(a) or (e):

> If a party fails to provide information ... as required
> by Rule 26(a) or (e), the party is not allowed to use
> that information ... to supply evidence ... at a trial,

> unless the failure was substantially justified or is
> harmless. In addition to or instead of this sanction,
> the court, on motion and after giving an opportunity to
> be heard: ... may impose other appropriate sanctions,
> including   any   of   the   orders   listed   in   Rule
> 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(C). Rule 26(a) governs, amongst other

required disclosures, the parties' mandatory initial

disclosures. Rule 26(e) provides, in relevant part:

> A party who has made a disclosure under Rule 26(a) -- or
> who has responded to an interrogatory, request for
> production, or request for admission -- must supplement
> or correct its disclosure or response: ... in a timely
> manner if the party learns that in some material respect
> the disclosure or response is incomplete or incorrect,
> and if the additional or corrective information has not
> otherwise been made known to the other parties during
> the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1).

> The moving party bears the burden of showing that its
> adversary failed timely to disclose information required
> by Rule 26. To meet this burden, the moving party must
> establish "(1) that the party having control over the
> evidence had an obligation to timely produce it; (2)
> that the party that failed to timely produce the evidence
> had 'a culpable state of mind'; and (3) that the missing
> evidence is 'relevant' to the party's claim or defense
> such that a reasonable trier of fact could find that it
> would   support   that   claim   or   defense." Residential
> Funding, 306 F.3d at 107.

In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 125

(S.D.N.Y. 2007).

   "The imposition of sanctions under Rule 37(c)(1) is a

matter within the trial court's discretion. ... [R]efusing to

admit evidence that was not disclosed in discovery is a drastic

remedy and will apply only in situations where the failure to disclose represents a flagrant bad faith and callous disregard of the rules." Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp., 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999) (citations omitted). "Despite the mandatory language of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless.'" Nosal v. Granite Park LLC, 269 F.R.D. 284, 289 (S.D.N.Y. 2010) (quoting Design Strategy, Inc. v. Davis, 469 F.3d 584, 297 (2d Cir. 2006)).

> 2.   *Analysis*

Plaintiff has failed to sustain his burden of establishing that preclusion is warranted under Rule 37(c).

First, it is unclear how Exhibit 504, which appears to be an invoice from the sale of a car by Christian Salinardi on August 13, 2019, is relevant to the claims or defenses in this case.[6] Plaintiff's claims for commission arise from car sales in 2014 and 2015. Defendants have not proffered a basis on which this exhibit would be admissible at trial as relevant evidence.

---

[6] The Joint Trial Memorandum describes this document as "'Riverside Sales Documents' – shows sales information about cars sold by Defendant Riverside, including salesperson responsible for sale." Doc. #128 at 5.

Second, there is no evidence that defendants had an obligation to timely produce this document as it does not appear relevant to any claims or defenses. The face of Exhibit 504 reflects that it did not exist at the time plaintiff propounded his written discovery requests in December 2018. See Doc. #129 at 3-4. Although plaintiff did request the production of "any and all documents that Riverside intends to offer into evidence at trial[,]" id. at 4, it was not entirely unreasonable for Riverside to delay production of this document until the Court ordered the parties to exchange their exhibits. See, e.g., Harnage v. Lightner, No. 3:17CV00263(AWT)(SALM), 2018 WL 6804482, at *9 (D. Conn. Dec. 27, 2018) (denying motion to compel requesting "items which may be offered as exhibits at the trial of this case[]" as premature where the trial judge would "issue a pre-trial order which will set the deadlines by which the parties are to exchange exhibits[]"); see also Pouliot v. Paul Arpin Van Lines, Inc., No. 3:02CV01302(DJS), 2004 WL 1368869, at *3 (D. Conn. June 14, 2004) ("[T]he court does not compel Pouliot's disclosure of his trial exhibits at this time. This request could be unduly burdensome in light of the uncertain future date of a trial. The parties will have adequate time to review the various pieces of evidence that are designated for exhibition prior to the start of trial.").

Based on the foregoing, the Court does not find that

plaintiff has demonstrated that defendants acted with the requisite state of mind to warrant the imposition of sanctions under Rule 37(c). See, e.g., Knox v. United States, No. 3:12CV01741(SALM), 2016 WL 4033086, at *9 (D. Conn. July 27, 2016) (discussing the "culpable state of mind" required to impose sanctions pursuant to Rule 37(c)).

Accordingly, plaintiff's motion to preclude Exhibit 504 is **DENIED, without prejudice to renewal at trial**. The Court will permit plaintiff an opportunity to object to the use of Exhibit 504 at trial, if in fact defendants do seek to introduce that exhibit.

To the extent defendants produce any supplemental discovery responses on the issue of plaintiff's car sales, which they intend to use as evidence at trial, plaintiff may file a motion to preclude those exhibits from evidence provided that he has a sound basis upon which to request such relief. Nevertheless, the Court reminds defendants: "Any exhibit not listed in the Joint Trial Memorandum may be precluded from admission at trial." Doc. #122 at 2.

## III.  CONCLUSION

For the reasons articulated above, plaintiff's Motion in Limine [**Doc. #129**] is **DENIED**, as to plaintiff's request to preclude evidence of a good faith defense, and **DENIED, without prejudice to renewal at trial**, as to plaintiff's request to

preclude Exhibit 504 and/or other evidence of cars sold that was not produced during discovery. To the extent plaintiff deems necessary, the Court will permit plaintiff until **April 22, 2022,** to conduct discovery on the issue of defendants' good faith defense.

On or before **March 30, 2022,** plaintiff shall file a Notice on the docket indicating whether he intends to pursue such discovery, and if so, whether he anticipates moving forward with the trial as scheduled or seeks a continuance.

SO ORDERED at New Haven, Connecticut this 23rd day of March, 2022.

_____/s/_____<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES DISTRICT JUDGE